# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | Bankruptcy No. 09-20088-CMB |
| ) | |
| SHAD HANNA'S EAST, INC., ) | Chapter 7 |
| ) | |
|    Debtor. ) | |
| ) | |
| CHARLES O. ZEBLEY, JR., ) | Adv. No. 12-02235-CMB |
| ) | |
|    Plaintiff, ) | Related to Doc. No. 126 |
| ) | |
|    v. ) | |
| ) | |
| BARBARA HANNA, ROBERT A. ) | |
| HANNA, JR., DANIEL S. SOOM, ) | |
| M&T BANK CORPORATION, ) | |
| ROBERT A. HANNA, JR., ) | |
| ) | |
|    Defendants. ) | |
| ) | |
| DANIEL S. SOOM, ) | |
| ) | |
|    Cross-Claimant, ) | |
| ) | |
|    v. ) | |
| ) | |
| BARBARA HANNA and ) | |
| ROBERT A. HANNA, JR., ) | |
| ) | |
|    Cross Defendants. ) | |
| ) | |
| M&T BANK CORPORATION, ) | |
| ) | |
|    Third Party Plaintiff, ) | |
| ) | |
|    v. ) | |
| ) | |
| FIRST NATIONAL BANK OF ) | |
| PENNSYLVANIA, ) | |
| ) | |
|    Third Party Defendant. ) | |

**MEMORANDUM OPINION**

The above-captioned adversary proceeding was commenced by the Chapter 7 Trustee for Shad Hanna's East, Inc. ("Debtor"). The matter presently before the Court is the Motion to Dismiss filed by Third Party Defendant, First National Bank of Pennsylvania ("First National Bank"). Pursuant to Fed.R.Civ.P. 14, made applicable to adversary proceedings by Fed.R.Bankr.P. 7014, M&T Bank, a Defendant herein, obtained the Court's leave to file its Third Party Complaint against First National Bank. The Third Party Complaint, while denying liability, asserts, *inter alia*, that, if M&T Bank is found liable, First National Bank is liable over to M&T Bank as a matter of law. As provided by Fed.R.Civ.P. 14, First National Bank asserted its defenses to the Trustee's Complaint in the instant Motion to Dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6).

In the Motion to Dismiss, First National Bank contends that the Complaint, on its face, fails to state a claim for conversion of an instrument pursuant to 13 Pa.Cons.Stat. §3420, the only count of the eight count Complaint relating to First National Bank.[1] As clarified on the record, First National Bank's Motion does not seek dismissal of the entire count at this time, but rather First National Bank contends that the Complaint does not set forth a claim for conversion with respect to one of three checks at issue in this proceeding. Plaintiff, the Chapter 7 Trustee, opposes the Motion to Dismiss. Both the Trustee and First National Bank filed briefs in support of their respective positions. A hearing was held on April 9, 2013, and the matter is ripe for decision.

---

[1] This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§157 and 1334. Furthermore, with respect to the above-captioned adversary proceeding, the District Court previously denied Defendant Daniel Soom's Motion to Withdraw the Reference to District Court Pursuant to 28 U.S.C. §157(d) and (e) and F.R.B.P. 5011. Therefore, this action remains pending in this Court. The District Court, however, did not resolve whether this adversary proceeding is core such that final judgment on the Complaint may be entered by the Bankruptcy Court. That matter is not presently before this Court.

2

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is sufficiently plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Resolving a motion to dismiss requires a two-step analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the well-pleaded facts should be separated from the legal conclusions. *Id.* Then, the court must determine whether the well-pleaded facts demonstrate an entitlement to relief. *Id.* at 211. In addition to the factual allegations within the Complaint, a court may consider the documents attached to, submitted with, or incorporated by reference into the Complaint. *See Israel v. Insight Pipe Contracting, LP*, No. 12-1247, 2013 WL 2318852, at *3, 2013 U.S. Dist. LEXIS 74379, at *7 (W.D. Pa. May 28, 2013). Also, a court may consider certain other evidence outside of the Complaint, such as items subject to judicial notice, matters of record, and orders. *Israel,* 2013 WL 2318852, at *3, 2013 U.S. Dist. LEXIS 74379, at *8. The Court applies this standard in reviewing the Trustee's Complaint in light of the Motion to Dismiss.

Accordingly, the Court makes no findings of fact herein. For purposes of resolving the Motion to Dismiss only, the Court accepts as true the following factual allegations set forth in the Complaint:

1. "Barbara Hanna . . . is the president and treasurer of Debtor and is believed to be an officer or director of Debtor."
2. Debtor commenced this bankruptcy case by filing a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code and operated a restaurant, Shad Hanna's Memories Café, as a Debtor-In-Possession ("DIP") for approximately nineteen months.

3. While operating as DIP, a fire destroyed the building housing the restaurant and caused damage to Debtor's personal property.

4. Attorney Daniel S. Soom ("Soom"), also a Defendant herein, represented DIP, without this Court's approval, in filing a claim pursuant to a commercial property insurance policy with The Farmers Fire Insurance Company ("Farmers"). Soom also represented DIP's principals, including Barbara Hanna, in providing statements under oath to Farmers in order to obtain insurance proceeds.

5. Farmers made three payments totaling $559,909.50 to the Debtor while operating as DIP. The payee of each check was identified as "Shad Hanna's East Inc." with "Shad Hanna's Memories Café" identified below the name of the Debtor. A check, dated June 16, 2010, was in the amount of $350,000.00. Two checks were dated July 14, 2010, in the amounts of $114,954.50 and $64,955.00.

6. "Check #069058, dated June 16, 2010, in the amount of $350,000 was endorsed by DIP by Barbara Hanna and made payable to Soom." A copy of the check is attached to the Complaint as Exhibit A.

7. "Check #069200, dated July 14, 2010, in the amount of $144,954.50 was endorsed by Barbara Hanna, individually, with no reference to DIP, and made payable to Daniel S. Soom." A copy of the check is attached to the Complaint as Exhibit B.

8. "Check #069201, dated July 14, 2010, in the amount of $64,955 was endorsed by Barbara Hanna, individually, with no reference to DIP, and made payable to Daniel S. Soom." A copy of the check is attached to the Complaint as Exhibit C.

9. "Each of the aforesaid checks that Barbara Hanna endorsed, either on behalf of DIP or in her individual capacity, and made payable to Soom, was subsequently negotiated by Soom and deposited into his IOLTA account."

10. Subsequently, Soom issued multiple checks to Barbara Hanna, in her individual capacity, and retained at least $2,000.00 for himself.

11. On October 14, 2010, the case was converted to Chapter 7 and the Trustee was appointed.

Based upon the above factual allegations, the Trustee filed the Complaint commencing the instant adversary proceeding. For the purpose of resolving the Motion to Dismiss, only

Count Eight, alleging statutory conversion of an instrument pursuant to 13 Pa.Cons.Stat. §3420, is relevant. The statute provides, in pertinent part, as follows:

> (a) General rule.--The law applicable to conversion of personal property applies to instruments. An instrument is also converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment.[2]

The Trustee seeks damages of $559,409.50, plus pre-judgment and post-judgment interest.

At this time, First National Bank is only challenging the sufficiency of the Complaint with respect to allegations regarding liability for statutory conversion of the $350,000.00 check. First National Bank asserts two bases upon which dismissal is appropriate at this stage of the proceedings. First, the bank contends that the Trustee's claim for conversion under 13 Pa.Cons.Stat. §3420 fails because the $350,000.00 check was endorsed by the named payee. Second, First National Bank avers that pursuant to 13 Pa.Cons.Stat. §3405, even if the endorsement was unauthorized, the claim for conversion fails as an employee with authority to endorse instruments endorsed the check in the name of the intended payee.

In response, the Trustee contends that First National Bank presumes that Barbara Hanna's endorsement of the $350,000.00 was in her representative capacity of the DIP. The Trustee asserts that a factual issue exists as to whether Barbara Hanna endorsed the check in said capacity. With respect to First National Bank's reliance upon 13 Pa.Cons.Stat. §3405, the Trustee contends that First National Bank assumes facts outside of the Complaint, i.e. that

---

[2] The Court notes that, within the documents filed, First National Bank relies upon a different portion of the statute than is cited by the Trustee. The Trustee relies upon the provision expressly addressing the liability of bank, i.e., when a "bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment." First National Bank cites to the provision stating that "[a]n instrument is also converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument[.]" For purposes of the Motion to Dismiss, the parties focused on entitlement to enforce the instrument and neither addressed the fact that different portions of the statute were cited.

Barbara Hanna was an employee of DIP or that she had the authority to sign checks on DIP's behalf.

In light of the arguments presented, this Court has carefully considered the well-pleaded facts and allegations against M&T Bank set forth in Count Eight of the Complaint as they relate to First National Bank's potential liability for conversion of an instrument. Count Eight, in pertinent part, states as follows:

> 62. At the time Farmers issued the checks for the Insurance Proceeds to DIP, DIP took indirect delivery of the checks through Barbara Hanna, its agent.
> 63. Barbara Hanna was not entitled to enforce the aforesaid checks in her individual capacity, as the checks listed DIP as payee.
> . . . .
> 65. M&T Bank made payment of the amounts of the aforesaid checks to the defendant, Soom, notwithstanding that the checks were endorsed by Barbara Hanna, in her individual capacity, and not DIP.
> 66. Soom and M&T Bank have violated 13 Pa.C.S.A. §3420 and caused DIP and Trustee to be deprived of the Insurance Proceeds, to which they had a right.

Upon consideration of the Motion, response thereto, the parties' briefs, the argument at the hearing held on April 9, 2013, the allegations set forth in the Complaint and the exhibits attached thereto, the record in this proceeding, and for the reasons expressed herein, this Court finds as follows:

1. Based upon the language of the Complaint, the allegations contained within Count Eight appear to assert a claim of statutory conversion only with respect to the checks endorsed by Barbara Hanna, individually, without reference to DIP. In the instant Motion to Dismiss, First National Bank does not challenge the sufficiency of the Complaint with respect to those two checks.
2. Paragraph 65 within Count Eight of the Complaint avers that the bank "made payment of the amounts of the aforesaid checks to the defendant, Soom, notwithstanding that the

checks were endorsed by Barbara Hanna, *in her individual capacity, and not DIP*." (Emphasis added.) Paragraph 65 is the only allegation referencing the conduct of the bank. Earlier in the Complaint, in Paragraphs 24-27, the Trustee distinguishes between the $350,000.00, which "was endorsed *by DIP* by Barbara Hanna and made payable to Soom[,]" and the other two checks, which were "endorsed *by Barbara Hanna, individually,* with no reference to DIP, and made payable to Daniel S. Soom." (Emphasis added.) Thus, by its own language, the Complaint appears to exclude the $350,000.00 check from the claim for statutory conversion against the bank.

3. In order to properly plead statutory conversion under §3420, the Trustee must allege facts demonstrating that the bank made payment with respect to the $350,000.00 check for a person who was not entitled to enforce the check or receive payment.[3] The Complaint states that "Barbara Hanna was not entitled to enforce the . . . checks in her individual capacity, as the checks listed DIP as payee" and the bank "made payment of the amounts of the . . . checks . . . notwithstanding that the checks were endorsed by Barbara Hanna, in her individual capacity, and not DIP." However, the Complaint does not provide facts in support of the lack of entitlement to enforce or receive payment of the $350,000 check endorsed by DIP by Barbara Hanna. To the extent the Trustee asserts that First National Bank attempts to raise a novel factual issue by presuming that Barbara Hanna was capable of endorsing the check on behalf of DIP, the Court notes that the Complaint does not allege that Barbara Hanna was *not authorized* to endorse the check on behalf of DIP such that the bank made payment "for a person not entitled to enforce the instrument or receive payment." In order to survive a motion to dismiss, a complaint must allege sufficient factual matter to state a claim that is plausible on its face. In this case, the Complaint states that the $350,000.00 check was endorsed by DIP, the entity to which the check was made payable, without any additional facts or support for the claim of statutory conversion, specifically regarding entitlement to enforce the instrument.

---

[3] Although the parties' dispute primarily depends upon whether payment was made by the bank "for a person not entitled to enforce the instrument or receive payment" pursuant to §3420, the Court notes that neither party referred to 13 Pa.Cons.Stat. §3301, defining "person entitled to enforce an instrument."

4. The parties focused primarily on the form of the endorsement by Barbara Hanna. To the extent the Trustee now asserts that a factual question exists as to whether the endorsement was sufficient to establish that the check was signed through an appropriate representative, such allegations were not made in the Complaint.[4] Rather, the Complaint plainly states that the check "was endorsed by DIP by Barbara Hanna," identified in the Complaint as the president and treasurer of Debtor. The Court does not read the Complaint to allege a particular deficiency in the endorsement of the $350,000.00 check or allege that Barbara Hanna was not an appropriate representative.[5]

5. Accordingly, the allegations set forth in the Complaint do not sufficiently state a claim of statutory conversion with respect to the $350,000.00 check. Therefore, this Court need not address First National Bank's alternative argument under 13 Pa.Cons.Stat. §3405 regarding an employer's responsibility for fraudulent endorsement by an employee.[6]

*[Remainder of Page Intentionally Left Blank]*

---

[4] As raised by Counsel for First National Bank at the April 9, 2013 hearing, this Court notes that Barbara Hanna signed documents in the underlying bankruptcy case, such as monthly operating reports as the responsible party and Chapter 11 voluntary petition as the authorized individual.

[5] In response to the Motion to Dismiss, the Trustee, without explanation or elaboration, cites to 13 Pa.Cons.Stat. §3402, regarding signatures by a representative, in support of his contention that the form of the endorsement is ambiguous. The statute does not require language such as "on behalf of", "through", or "by" in the endorsement as the Trustee suggests. Rather, §3402 addresses the potential liability of a *representative* when his or her signature on an instrument does not show that it was made in a representative capacity.

[6] The Court notes, however, that §3405 requires findings of fact, such as a finding of "good faith," which cannot be made at this stage of the proceedings on a Motion to Dismiss.

For the foregoing reasons, the Motion to Dismiss is granted to the extent it seeks a finding that the Trustee failed to state a claim for statutory conversion of the $350,000.00 check against First National Bank. However, First National Bank is not dismissed from the Adversary Proceeding as the Complaint alleges statutory conversion of two other checks which were not challenged by First National Bank. An appropriate order will be entered.

Date: June 6, 2013                               /s/ Carlota M. Böhm
                                            Carlota M. Böhm
                                            United States Bankruptcy Judge

**CASE ADMINISTRATOR TO MAIL TO:**
Office of the United States Trustee
Charles O. Zebley, Jr., Esq.
William M. Radcliffe, Esq. and William Martin, Esq.
John N. McElroy, Esq.
David B. White, Esq. and Stephanie L. Solomon, Esq.
Joseph D. Shelby, Esq. and Mark D. Bradshaw, Esq.
Donald R. Calaiaro, Esq.
Timothy P. Palmer, Esq. and Nicholas Meriwether, Esq.
Michael A. Shiner, Esq. and Christopher Borsani, Esq.
Daniel S. Soom, Esq.
Robert A. Hanna, Jr.
Barbara Hanna
Shad Hanna's East, Inc.